IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID B. HALL,

    Plaintiffs,

vs.

CASE NO. CV-98-J-2819-S

BENEFICIAL NATIONAL BANK,
et. al.,

    Defendants.



## MEMORANDUM OPINION

Currently pending before the court is the defendant Marks Properties, Inc.'s motion for summary judgment (doc. 8), filed January 8, 1999, to which the plaintiff has not responded.[1]

In it's motion for summary judgment, defendant Marks Properties, through its president, John Marks, alleges by affidavit that it sold all of the assets owned by Marks-Fitzgerald Furniture Company to Rhodes, Inc. a Georgia corporation, on October 31, 1990. This defendant further states by affidavit that the basis of allegations in the plaintiff's complaint concern a purchase made on November 3, 1992.

---

[1] The court entered a briefing schedule on January 13, 1999, by which a response to the defendant's motion was due on or before February 5, 1999. The plaintiff filed a pleading entitled "Response to motion for summary judgment" (doc. 16), in which he stated that the plaintiff could not at the present time present by affidavit "facts essential to justify his opposition to the Motion for Summary Judgment." The court then entered an order stating that the plaintiff was allowed to engage in limited discovery to ascertain whether the allegations of this defendant was true, and allowing plaintiff until March 5, 1999 to file any response it may have to the motion for summary judgment. Order of February 9, 1999 (doc. 17). Nothing has been filed by the plaintiff in opposition to the motion to date.



Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant

must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Clark & Coats, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 47 U.S. at 251-252.

This court finds that the defendant Marks Properties, Inc., divested itself of any interest in the furniture business by sale of the same to defendant Rhodes, Inc. in 1990. Defendant's unrefuted allegation is that the facts giving rise to the plaintiff's complaint did not arise until sometime in 1992. As such, this court can find no genuine issues of material fact on which a reasonable jury could return a verdict in favor of the plaintiff and against this defendant. As such, this court finds that the defendant Marks Properties, Inc.'s motion for

summary judgment is due to be granted.[2]

It is therefore **ORDERED** by the court that judgment is therefore entered in favor of the defendant Marks Properties, Inc. and against the plaintiff on all counts of the complaint. This court finding that there is no just cause for delay, this judgment is hereby made final pursuant to Rule 54(b), Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this the __16__ day of March, 1999.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that there is no such creature as a default summary judgment and therefore the defendants are not automatically entitled to summary judgment in their favor. A failure to respond to a motion for summary judgment results in the waiver of the right to present evidence in opposition to the motion, but the moving party must still show from the pleadings and the evidence that summary judgment is appropriate. *See e.g. Rapps v. Cooke, et al.*, 505 S.R. 566, 568 (Ga.App.1998).